UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 24-24035-CIV-MORENO

MICHAEL LIRETTE,

        Plaintiff,

vs.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES,

        Defendant.
_____/

## ORDER DISMISSING COUNT II

THIS CAUSE came before the Court upon Defendant Carnival Corporation's motion to dismiss Count II of Plaintiff's amended complaint and Plaintiff's motion for leave to file a third complaint.

Plaintiff Michael Lirette sued Defendant Carnival Corporation for injuries he suffered while aboard Carnival's cruise ship *Jubilee*. Specifically, Plaintiff alleges that while he was in *Jubilee*'s dining room, a Carnival employee dropped dirty dishware on Plaintiff's head, causing him serious injuries. Plaintiff brings two counts against Carnival: (I) vicarious liability for negligence; and (II) negligent training. Carnival has only moved to dismiss Count II, the negligent-training claim. In pertinent part, Count II reads as follows:

> At said time and place, the Defendant CARNIVAL owed a duty to its guests, including Plaintiff, MICHAEL LIRETTE, in particular, the duty of ensuring its guests are reasonably safe while on its premises.
>
> The Defendant CARNIVAL breached its duty to the Plaintiff by failing to ensure its waiters were properly trained so that they would not injure its guests while inside the dining room. As a result of said negligent training, Defendant's employee negligently dropped a tray full with several soiled dishes on top of Plaintiff's head, causing catastrophic injuries, requiring surgery.

Carnival points out that Plaintiff does not identify a specific training policy or procedure to establish that Carnival negligently trained its employees. And Carnival argues that this is fatal to Plaintiff's claim because, in Carnival's view, absent factual allegations about the training program itself, a claim for negligent training cannot stand. Rather than toil with Carnival's motion, but perhaps recognizing his negligent-training claim as insufficient, Plaintiff moves this Court for leave to file the third version of his complaint. His new and allegedly improved Count II states the following:

> At said time and place, the Defendant CARNIVAL owed a duty to its guests, including Plaintiff, MICHAEL LIRETTE, in particular, the duty of ensuring its wait staff are properly trained to carry soiled dishes in the dining room so that passengers including Plaintiff, would not be injured by wait staff walking through the dining room.
>
> The Defendant CARNIVAL breached its duty to the Plaintiff by failing to properly train its waiter on how to stack and handle soiled dishes in a reasonably safe manner so that said dishes would not fall and injure guests while inside the dining room. As a result of said negligent training, Defendant's employee negligently dropped a tray full with several soiled dishes on top of Plaintiff's head, causing catastrophic injuries, requiring surgery.

Plaintiff argues that justice requires the Court's leave to file his third complaint with this new negligent-training claim, and he argues that Carnival will not suffer any prejudice as a result. Carnival maintains that Plaintiff's revised negligent-training claim is deficient in two ways. *First*, Plaintiff's amendment does not rectify the issue Carnival identified with the operative complaint: He does not allege that Carnival has a relevant training policy or procedure. *Second*, the duty Plaintiff ascribes to Carnival—"to ensure specific training for routine tasks, such as carrying soiled dishes"—extends beyond the recognized duty of care under maritime law. The Court agrees on both fronts.

The Court allows Plaintiff to amend his complaint again. But, nevertheless, Count II in its amended form is dismissed. Carnival must answer as to Count I no later than **February 14, 2025**.

## LEGAL STANDARD

To state a claim for relief, the plaintiff must provide "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). And to survive dismissal under Federal Rule of Civil Procedure 12(b)(6), the complaint must contain sufficient factual allegations to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); Fed. R. Civ. P. 8(a)(2), 12(b)(6). In other words, only if the complaint states a plausible claim for relief will it survive dismissal at this stage. *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). This is a relatively low bar. When ruling on a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff and accept as true the plaintiff's well-pleaded facts. *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (citation omitted). The complaint need not contain "'detailed factual allegations,'" but something more is required than "'labels and conclusions'" or "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555); *see also Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004) ("To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions."). While legal conclusions may help a plaintiff frame his complaint, he must support those conclusions with enough facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

## DISCUSSION

A recognized cause of action under federal maritime law,[1] negligent training derives from traditional negligence but is a separate claim with distinct elements. *Anders v. Carnival Corp.*, No. 23-21367-CIV, 2023 WL 4252426, at *4 (S.D. Fla. June 29, 2023) (Altonaga, C.J.) (citing *Reed v. Royal Caribbean Cruises, Ltd.*, No. 19-24668-CIV, 2021 WL 2592914, at *9 (S.D. Fla. Apr. 23, 2021) (Lenard, J.)). To state a claim for negligent training, the plaintiff must show (1) that the defendant "was negligent in the implementation or operation of the training program," and (2) that this negligence caused the plaintiff's injuries. *Mercado v. City of Orlando*, 407 F.3d 1152, 1162 (11th Cir. 2005); *Doe v. NCL (Bahamas) Ltd.*, No. 16-23733-CIV, 2016 WL 6330587, at *4 (S.D. Fla. Oct. 27, 2016) (Ungaro, J.) (citations omitted). Implicit in the first prong is that the plaintiff must first identify the defendant's training program before then challenging "the way in which the program was *implemented*." *See Mercado*, 407 F.3d at 1162 (emphasis added); *accord Mayer v. Carnival Corp.*, 731 F. Supp. 3d 1316, 1323 (S.D. Fla. 2024) (Altman, J.); *Walsh v. Carnival Corp.*, 20-21454-CIV, 2020 WL 10936272, at *5 (S.D. Fla. July 7, 2020) (Ungaro, J.); *Watts v. City of Hollywood, Fla.*, 146 F. Supp. 3d 1254, 1273 (S.D. Fla. 2015) (Altonaga, J.). To be clear, though, it is not enough for a plaintiff to plead that a particular training program exists and then offer a bare legal conclusion that the defendant negligently implemented or operated such program. *Walsh*, 2020 WL 10936272, at *5. The plaintiff must explain *how* the defendant was negligent in implementing or operating its training program, alleging enough facts for the court to conclude that such negligence is plausible. *Ibid.*; *see also Iqbal*, 556 U.S. at 678 ("The plausibility

---

[1] At the outset, the Court notes that because Plaintiff's injury occurred on navigable waters, federal maritime law governs. *Malley v. Royal Caribbean Cruises Ltd*, 713 F. App'x 905, 907 (11th Cir. 2017) (citing *Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990)). Both parties agree.

standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." (citing *Twombly*, 550 U.S. at 556)).

Nevertheless, without at least identifying a specific training program, a negligent-training claim is dead on arrival. Courts in this District dismiss these claims when plaintiffs fail to do so. *See, e.g.*, *Watson v. Carnival Corp.*, No. 24-21019-CIV, 2024 WL 4137299, at *13 n.7, *14 (S.D. Fla. Aug. 21, 2024) (Goodman, M.J.) (recommending dismissal of negligent-training claim where the plaintiff failed to "identify any actual policies or training procedures"), *report and recommendation adopted*, No. 24-21019-CIV, 2024 WL 4132931 (S.D. Fla. Sept. 10, 2024); *Mayer*, 731 F. Supp. 3d at 1323 (dismissing negligent-training claim at the motion-to-dismiss stage because the plaintiff neither identified the requisite training program nor explained how the defendant was negligent in its implementation); *Watts*, 146 F. Supp. 3d at 1269 (same); *Diaz v. Carnival Corp.*, 555 F. Supp. 3d 1302, 1311–12, 1314 (S.D. Fla. 2021) (Torres, M.J.) (dismissing negligent-training claim on summary judgment because the plaintiff "fail[ed] to allege anything about a training program that Carnival implemented"). But compare these cases with others in which the plaintiffs defeated motions to dismiss. In *Spotts v. Carnival Corporation* and *Perera v. Carnival Corporation*, the courts refused to dismiss negligent-training claims because each plaintiff alleged enough specific facts about Carnival's training program and explained how Carnival was negligent in implementing it. *See* 711 F. Supp. 3d 1360, 1368–69 (S.D. Fla. 2024) (Altman, J.); No. 23-24663-CIV, 2024 WL 2115489, at *9–*10 (S.D. Fla. Apr. 24, 2024) (Goodman, M.J.), *report and recommendation adopted*, No. 23-24663-CV, 2024 WL 2113791 (S.D. Fla. May 10, 2024).

Carnival argues that both versions of Plaintiff's negligent-training claim fail as a matter of law because Plaintiff does not identify a specific Carnival training policy or procedure. In his

5

second complaint, Plaintiff alleges that Carnival "fail[ed] to ensure its waiters were properly trained so that they would not injure its guests while inside the dining room." And, in Plaintiff's view, it was this "negligent training" that caused the Carnival employee to "negligently drop[] a tray full with several soiled dishes on top of Plaintiff's head." Plaintiff does not offer allegations about Carnival's training program to establish that Carnival was negligent in its implementation. This dooms the claim, and Carnival argues that Plaintiff's amendment does not save it. Plaintiff amends to specify that Carnival did not "properly train its waiter on how to stack and handle soiled dishes in a reasonably safe manner so that said dishes would not fall and injure guests while inside the dining room." Nowhere does Plaintiff allege that Carnival trains its employees on how to safely traverse the dining room while handling dirty dishes. Even construing his negligent-training claim in the light most favorable to Plaintiff, it nevertheless succumbs to Carnival's motion to dismiss, and the amendment does not cure the defect.

Moreover, Plaintiff's amended negligent-training claim must be dismissed for a second independent reason. Generally, cruise ship owners like Carnival do not owe a heightened or special duty to their passengers. Rather, the duty owed is "reasonable care under the circumstances of each case." *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632 (1959). This standard "requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition." *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989). Plaintiff's amended claim alleges that Carnival owed a duty to its passengers of "ensuring its wait staff are properly trained to carry soiled dishes in the dining room so that passengers including Plaintiff, would not be injured by wait staff walking through the dining room." Carnival argues that Plaintiff "improperly extends" the duty Carnival owes to its passengers. The Court agrees. Plaintiff does not allege that Carnival was on notice of any

6

dangerous condition that would give rise to such a specific duty. *See Malley v. Royal Caribbean Cruises Ltd*, 713 F. App'x 905, 910 (11th Cir. 2017) (noting "admiralty law's requirement that a cruise ship must have notice of the dangerous condition" (citing *Keefe*, 867 F.2d at 1322)); *cf. McFee v. Carnival Corp.*, No. 19-22917-CIV, 2020 WL 13389094, at *9 (S.D. Fla. Feb. 3, 2020) (Lenard, J.) (acknowledging that, if properly pled, the plaintiff's negligent-training claim may be factually supported, where Carnival "knew that its passengers had previously suffered strokes on its cruises and, therefore, it was foreseeable that it might happen again" and Carnival "breached its duty of reasonable care by failing to train its medical staff" to properly mitigate this risk). As such, holding Carnival to this standard would impermissibly render it an insurer of passenger safety. *See K.T. v. Royal Caribbean Cruises, Ltd.*, 931 F.3d 1041, 1045 (11th Cir. 2019) ("A carrier by sea . . . is not liable to passengers as an insurer." (alteration and citation omitted)).

## CONCLUSION

Even construing the complaint in the light most favorable to Plaintiff, his negligent-training claim, in its current and amended forms, fails as a matter of law. Accordingly, it is

**ADJUDGED** that Count II is **DISMISSED**. Carnival must file an answer as to Count I no later than **February 14, 2025**.

DONE AND ORDERED in Chambers at Miami, Florida, this ___4___ of ~~January~~ February 2025.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record